### 7067

### FOOSHE v. McDONALD.

COUNTY GOVERNMENT—COUNTY SUPERVISOR—PRIMARY ELECTIONS.—The act, 25 Stat., 1203, abolishing the office of county supervisor for Fairfield county and changing the townships of the county, not being in contravention of any constitutional provision, the county chairman of the Democratic party of Fairfield county was right in refusing to accept the pledge of a candidate for county supervisor and in declining to put his name on the county ticket.

Petition in the original jurisdiction of this Court by J. Frank Fooshe against J. E. McDonald, county chairman of the Democratic party of Fairfield county, for writ of mandamus requiring the respondent to place the name of petitioner on the county ticket to be voted in the general primary election of 1908 as a candidate for county supervisor.

*Messrs. A. S.* and *W. D. Douglass,* for petitioner.

*Messrs. G. W. Ragsdale* and *J. W. Hanahan,* contra.

November 24, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The petitioner in the original jurisdiction of this Court sought a writ of mandamus to compel the respondent, as county chairman of the Democratic party of Fairfield county, to accept his pledge as a candidate for the office of county supervisor, and to arrange the county ticket so as to include said office on the list of offices to be filled in said county at the primary election to be held on the 25th day of August, 1908.

The answer of the respondent was, that he would not accept petitioner's pledge for office of supervisor, nor place the said office on list of offices to be filled at said primary election, because the office of county supervisor no longer existed, having been abolished by an Act of the Legislature,

approved February 26, 1908, entitled "An Act to abolish the office of county supervisor of Fairfield county and provide a county government therefor" (25 Stats., 1203).

The petitioner insisted that the Act referred to was null and void, being in violation of Art. VII, secs. 9, 11, 12 and 13; Art. X, secs. 4 and 5; Art. III, sec. 34, subdiv. 11; and Art. I, sec. 10 of the Constitution of 1895.

We cannot sustain the contention of the petitioner; the laws of this State existing prior to February, 1908, provided for the election of a supervisor and a board of county commissioners in every county in the State, but, on the 26th day of February, 1908, the Legislature in its wisdom, abolished said office for the county of Fairfield and provided a different system of county government; and inasmuch as the respondent was county chairman of the Democratic party for the county of Fairfield, he was obliged to refuse to accept the pledge of office offered by the petitioner, or to place the office of supervisor, just abolished, on the list of offices to be filled by the voters of Fairfield county.

There is nothing in the sections of the Constitution quoted by the petitioner to support his demand for the acceptance of his (petitioner's) pledge or the listing of the office. It will be found in Art. VII that the Constitution expressly provides that any change that the Legislature might see proper to make in county governments should be lawful; and the Legislature having provided in the Act above cited (25 Stats., 1203) for a change as asserted by the respondent, the position of the respondent was perfectly valid.

It is true that under the law regulating county governments in this State it would have been the duty of respondent to comply with petitioner's request, but after the passage of the Act (25 Stat., 1203) all that was changed in the law. Besides, we do not think that the respondent could be compelled to violate an Act of the Legislature.

It was never intended under the Constitution that there might not be a change in the division of townships of Fair-

field county as was done in the Act of February, 1908. It was in the power of the Legislature to control the number of the townships by omitting fourteen and fifteen therefrom; nor was it ever intended that the county government should not be altered as therein contemplated.

Such being our view, the order, passed by this Court on the 2d day of June, 1908, refusing the petition for mandamus, was proper.